# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1891V

|  |  |
|---|---|
| JOHN R. GREENE, JR.,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 27, 2025 |

*Robert George Rose*, Bosson Legal Group, PC, Fairfax, VA, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On September 22, 2021, John R. Greene, Jr., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered from Guillain-Barré syndrome resulting from an influenza vaccine administered on October 20, 2020. Petition, ECF No. 1. On March 5, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 42.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $58,017.73 (representing $56,045.70 in fees plus $1,972.03 in costs). Application for Attorneys' Fees and Costs ("Motion") filed April 2, 2025, ECF No. 46. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 47-2.

Respondent reacted to the Motion on April 9, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 49. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 50.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

a. *Hourly Rates*

The hourly rates requested by Isaiah Kalinowski, Timothy Bosson, and their supporting paralegals for all time billed through the end of 2025 are reasonable and consistent with our prior determinations and shall be awarded. However, the 2021 hourly rate requested by Robert Rose requires adjustment.

Attorney Rose was previously awarded the *lesser* rate of $360.00 for work performed in this same time period. *See Beyerl v. Sec'y of Health & Hum. Servs.,* No. 20-32V, Slip Op. 59 (Fed. Cl. Spec. Mstr. August 18, 2021). I find no reason to deviate from that reasoned determination and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce Attorney Rose's rate for work performed in 2021, to be consistent with *Beyerl*. **Application of the foregoing reduces the fees to be awarded by $1,269.00**.[3] For work performed in years 2022-25, however, I find Attorney Rose's proposed rates to be reasonable and shall be adopted.

b. *Block Billing*

A review of the billing records submitted with Petitioner's request reveal that Attorney Rose seeks compensation for several paralegal tasks and clerical/administrative entries that have been improperly block-billed with attorney level work.[4] Tasks considered paralegal in nature include drafting and revising exhibit lists and other routine documents such as PAR Questionnaires, notices of filing exhibits, cover sheets, and requests for

---

[3] This amount is calculated as follows: ($405.00 - $360.00 = $45.00 x 28.20 hours billed by Mr. Rose in 2021) = $1,269.00.

[4] Examples of paralegal tasks and clerical tasks improperly block-billed with attorney level work include, but are not limited to, the following billing entries: 7/16/21: "Continue draft of Petition…drafting of cover sheet, exhibit list, and notice of filing exhibits." 8/25/21: "Draft Petitioner's Affidavit and PAR Questionnaire; Telephone call with Mr. Greene…" 8/25/21: "Draft and Fax HITECH/HIPPA Release to UVA Health System." 10/7/22: "Finalize Amended Exhibit List; Draft Notice of Filing Exhibits; Finalize compilation and labeling of Exhibits 12-31; File said documents." See ECF No. 47-1.

3

medical records. However, block-billing (billing large amounts of time without sufficient detail as to what tasks were performed) is clearly disfavored in the Program. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 2008 U.S. Claims LEXIS 399, at *13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees for block-billing); see also *Jeffries v. Sec'y of Health & Hum. Servs.*, 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); *Plott v. Sec'y of Health & Hum. Servs.*, 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. Apr. 23, 1997). Indeed, the Vaccine Program's Guidelines for Practice state, "[e]ach task should have its own line entry indicating the amount of time spent on that task."[5] And several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request.

Additionally, Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to that of a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

c. Administrative Work

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.[6] See, e.g*., Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See also *Floyd* v. *Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Silver* v. *Sec'y of Health & Human Servs*., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Clerical and secretarial work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices. See *Mostovoy* v. *Sec'y of*

---

[5] See Guidelines for Practice at 76:
https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[6] Examples of administrative/clerical billing entries include, but are not limited to, the following: 2/12/21: "Review and save to file fax from Nirschl Orthopaedic Center." 4/26/21: "Send out faxes to medical providers requesting medical records." 9/23/21: "Review Notice of Designation, Order Directing Entry of Appearance, and Notice of Assignment." 10/18/21: "Calendar date by which we can move for assignment of case." See ECF No. 47-1.

*Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Furthermore, in determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary'" based on his or her experience or judgment." *Hocraffer v. Health & Hum. Servs.*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011). In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

Here, such an overall percentage cut is reasonable, and preferable to a time-consuming line-by-line review of the bill. I therefore reduce the total fees to be awarded herein by *five percent* as a fair adjustment to account for the billing issues mentioned. Application of the foregoing reduces the total amount of fees to be awarded herein by **$2,802.29**.[7]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 47 at 24-40. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $53,946.44 (representing $51,974.41 in fees plus $1,972.03 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

---

[7] This amount is calculated as follows: ($56,045.70 x 0.05%) = $2,802.29

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master
